UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

SALVADOR MONDACA-VEGA,

        Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

No. CV-04-339-FVS

ORDER DENYING SUMMARY JUDGMENT

**THIS MATTER** came before the Court on March 18, 2011, based upon the Respondent's motion for summary judgment. The Respondent was represented by Katherine E.M. Goettel. The Petitioner was represented by Martha H. Rickey. During the hearing, the Petitioner orally moved for summary judgment. For the reasons set forth below, both motions are denied.

**BACKGROUND**

The Petitioner has filed a petition with the Ninth Circuit Court of Appeals challenging a decision of the Board of Immigration Appeals ("BIA"). The Petitioner alleges the BIA erred in upholding an Immigration Judge's determination that he is not a citizen of the United States. The Ninth Circuit has ruled there is a genuine issue of material fact with respect to the Petitioner's nationality claim, and has, as a result, transferred the case to this Court for

ORDER - 1

resolution of the factual dispute.  8 U.S.C. § 1252(b)(5)(B).  The Respondent acknowledges the circuit court's ruling regarding the existence of a genuine issue of material fact.  Nevertheless, he argues he has uncovered evidence since the circuit court issued its ruling that demonstrates he is entitled to judgment as a matter of law.  Accordingly, he moves for summary judgment.  Fed.R.Civ.P. 56(a). The Petitioner objects.

**PARTIES' BURDENS AT EVIDENTIARY HEARING**

The Court's task is to make a *de novo* finding concerning the Petitioner's nationality.  8 U.S.C. § 1252(b)(5)(B).  The issue is whether he is Reynaldo Mondaca Carlon, a citizen of the United States, or whether he is Salvador Mondaca-Vega, a citizen of Mexico.  It is likely, though by no means certain, the ultimate burden of persuasion rests upon the Respondent.  *Cf. Ayala-Villanueva v. Holder*, 572 F.3d 736, 737 n.3 (9th Cir.2009) (in a removal proceeding, the "DHS then bears the ultimate burden of proving the respondent removable by clear and convincing evidence").[1]  Nevertheless, since the Petitioner is, in essence, the plaintiff in a declaratory judgment action, he bears the initial burden of producing evidence which shows, by a preponderance of the evidence, he is a United States citizen.  *Sanchez-Martinez v. INS*, 714 F.2d 72, 74 and n.1 (9th Cir.1983), *cert. denied*, 466 U.S.

---

[1] There are significant differences between a removal proceeding and this proceeding.  Thus, the Court recognizes it must exercise caution in drawing guidance from removal proceedings.

ORDER - 2

971, 104 S.Ct. 2344, 80 L.Ed.2d 818 (1984). If he fails to make a prima facie showing, then the Respondent is under no obligation to present evidence. He is entitled to a declaration that the Petitioner is not a United States citizen. By contrast, if the Petitioner makes a prima facie showing, then the burden shifts to the Respondent. The Respondent's rebuttal burden depends upon the nature of the evidence the Petitioner offers. *See id.*

The Petitioner alleges the Secretary of State has determined he is a United States citizen and issued a passport to him. As he points out, Congress has authorized the Secretary to perform these functions. *See, e.g., Magnuson v. Baker*, 911 F.2d 330, 333 (9th Cir.1990).[2] Only a citizen of the United States is entitled to a United States passport. *Vana v. Attorney General*, No. 08-1595, 2009 WL 2450513 at *2 (3rd Cir. Aug. 12, 2009) (unpublished). A valid passport has "the same force and effect . . . as certificates of naturalization or of citizenship issued by the Attorney General or by a court having naturalization jurisdiction[.]" 22 U.S.C. § 2705. Indeed, possession of a valid passport ordinarily is "conclusive proof of citizenship." *Magnuson*, 911 F.2d at 333. If the Petitioner proves the Secretary of State has previously determined he is a United States citizen, then

---

[2]*Magnuson* held the Secretary of State may "revoke a passport evidencing citizenship only (1) after affording the holder an opportunity to be heard and (2) on exceptional grounds such as fraud or misrepresentation." 911 F.2d at 336. This holding has been superseded by statute. *Atem v. Ashcroft*, 312 F.Supp.2d 792, 797-800 (E.D.Va.2004).

ORDER - 3

the Respondent bears the burden of rebutting the Secretary's previous determination by "'clear, unequivocal, and convincing evidence.'" *Sanchez-Martinez*, 714 F.2d at 74 and n.1 (quoting *Woodby v. INS*, 385 U.S. 276, 286, 87 S.Ct. 483, 17 L.Ed.2d 362 (1966)).

**SUMMARY JUDGMENT STANDARD**

On December 1, 2010, amendments to Federal Rule of Civil Procedure 56 became effective. Rule 56(a) now states:

> A party may move for summary judgment, **identifying each claim or defense -- or the part of each claim or defense** -- on which summary judgment is sought. The court **shall** grant summary judgment if the movant shows that there is no genuine **dispute** as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

(Emphasis added.) Despite the changes, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c)[.]" Fed.R.Civ.P. 56 advisory committee note (2010 Amendments). Under Rule 56, a party's eligibility for summary judgment depends upon whether it will bear the burden of persuasion at trial. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies*, Inc., 210 F.3d 1099, 1102-03 (9th Cir.2000). Here, the Petitioner will bear the initial burden of production at the evidentiary hearing. He must make a prima facie showing that he is a citizen of the United States. Thus, the Respondent may obtain summary judgment by demonstrating the Petitioner lacks evidence that is sufficient to make the necessary showing. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). This is not the Respondent's only potential path

ORDER - 4

to summary judgment. Assuming, for purposes of argument, the Petitioner satisfies his initial burden of production, the burden will shift to the Respondent to rebut the Petitioner's evidence. The Respondent may qualify for summary judgment by demonstrating his rebuttal evidence is so overwhelming that a rational fact-finder would be compelled to find the Petitioner is not a United States citizen. *See Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir.2007) ("Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party."). In determining whether the Respondent is entitled to summary judgment, the Court must view the evidence in the light most favorable to the Petitioner; drawing all justifiable inferences in his favor. *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 532 (9th Cir.2011).

**RESPONDENT IS NOT ENTITLED TO SUMMARY JUDGMENT**

The Respondent urges the Court to grant summary judgment because, in his opinion, the Petitioner's evidence is incredible. In making this argument, the Respondent concedes that, as a general rule, a judge should refrain from assessing the credibility of a witness when ruling upon a summary judgment motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). While this is the general rule, there is an exception. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe

ORDER - 5

it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007). Contrary to the Respondent, this is not such a situation. Although a rational fact-finder could decide the Petitioner's evidence is incredible, a fact-finder would not be compelled to do so. Thus, the Respondent is not entitled to summary judgment.

**PETITIONER'S SUMMARY JUDGMENT MOTION IS UNTIMELY**

Dispositive motions were to have been filed by December 20, 2010. The Petitioner did not file a timely dispositive motion, nor did he ask for an extension of the deadline. Instead, during the course of the hearing on the Respondent's summary judgment motion, the Petitioner orally moved for summary judgment. Since the Petitioner did not attempt to establish good cause for the delay, Fed.R.Civ.P. 16(b)(4), the Court declines to consider the Petitioner's oral motion.

**CONCLUSION**

A genuine dispute of material fact exists with respect to whether the Petitioner is Reynaldo Mondaca Carlon, a citizen of the United States, or Salvador Mondaca-Vega, a citizen of Mexico. Neither party is entitled to summary judgment. An evidentiary hearing is necessary. At the hearing, the Petitioner will have the initial burden of production. This will be his opportunity to offer, subject to the Federal Rules of Evidence, any exhibits and testimony he deems appropriate in support of his allegation that he is a United States citizen. If the Petitioner satisfies his initial burden, the burden

will shift to the Respondent.  During the second phase of the hearing, the Respondent may offer any exhibits and testimony he deems appropriate to rebut the Petitioner's prima facie case; again, subject to the Federal Rules of Evidence.

**IT IS HEREBY ORDERED:**

1. The "Respondent's Motion for Summary Judgment" (**Ct. Rec. 51**) is **denied.**

2. The Petitioner's **oral** motion for summary judgment is **denied.**

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this ___29th___ day of March, 2011.

>            s/ Fred Van Sickle
>                Fred Van Sickle
>   Senior United States District Judge

ORDER - 7